Please step forward and tell us your name and spell your last name for us. Good afternoon, Your Honors. For the Defendant Appellant Jonathan Pilsner last name spelled P-I-L-S-N-E-R from the Office of the State Appellant Defender. Good afternoon, Your Honors. Representing the people of the state of Illinois, my name is David Greenspan. That is G-R-E-E-N-S-P-A-N. Okay, you each have 20 minutes. You don't have to use it all. Do you want to reserve part of yours? Yes, if I may. Okay, great. I left my glasses. Give me one quick second of your time. Sorry about that. We won't hold that time against you. I appreciate it, Your Honor. May it please the Court, counsel. The entirety of the state's case against John Kline rested on a partial fingerprint, which was approximately no more than one half of one side of one finger, which was recovered from the inside of the victim's apartment. And from this partial print, the trial court... Well, I was going to say inside the apartment. It was a box in which was in the apartment when the victim left and his headphones that were in the box were gone. That's correct, yes. So the fingerprint was on this box inside of the apartment that the box had apparently been moved for the victim's testimony. But from just that partial print and only that partial print, nothing else here, the trial court concluded that Mr. Kline... Was it the box or the headphone case? It appeared that it was some sort of case box. I'm not really sure if there was a clear definition between it, but it appeared to be the top of some sort of case or box case. I honestly don't remember if there was an in-depth description of the two of it, but regardless, this was the only evidence the State offered against Mr. Kline that proved beyond a reasonable doubt that he was the one that had burglarized this apartment. And although on review, the standard that this Court looks at for a challenge to the sufficiency of evidence is deferential, it's not conclusive. And Mr. Kline contends that this partial match, based upon the testimony from an expert and nothing else, is not sufficient to find him guilty beyond a reasonable doubt. But he had an opportunity to cross-examine the expert? He did, yes. And had an opportunity to bring up some of the issues that you brought up on appeal? Which issues specifically are you referring to? I mean, what he should have brought up? Is there anything he should have brought up that he didn't? I think that's more of a question that goes towards the general foundation of it all. Now, while Mr. Kline's case was a case of a challenge to the sufficiency of evidence, the defense lawyer agreed that the expert was qualified. That's correct. So there was no challenge to that. No challenge to that. So then it's a question of, you know, attacking that and letting the trier of fact, who in this case was a judge, to make a determination. Indeed. But just simply because defense counsel didn't elicit some of this stuff specifically doesn't change that this Court has to undertake an analysis of the evidence. This Court, the deferential review doesn't mean that you are limited to only what the trial court itself was looking at when it was thinking about this whole process. If the trial court's conclusion was unreasonable, then how is it unreasonable? Because it just simply wasn't enough evidence in this case that this expert talking about this, the evidence that this expert presented was simply not enough. Wasn't that a weighted evidence? It is a question of the weight of the evidence. Why are we deferential on that? Pardon me? Are we deferential on that? You're deferential, but it doesn't have to be conclusive. If that conclusion that this was enough weight, that this evidence standing alone was enough weight to convict Mr. Kline is an unreasonable conclusion, then this Court has to reverse that because it was an unreasonable conclusion. And our contention is that it was unreasonable considering the nature of this case and the nature of the evidence. The expert in this case talked about that he had made this match, but he offered no conclusion. He offered nothing about if he had verified this or not. The State had an opportunity to ask and never did. Is there some requirement that they verify it? I – the case you cited, it did mention that in that case they verified it, but it didn't say it was required. Nagran, is that how you pronounce it? Nagran? Nagran. Yes. Nagran and those – the cases inside of that all talked about how the fact that in those – in those situations, the fingerprint examiner testified the evidence as it came out in those cases, that that evidence was then confirmed and verified by another examiner. Now, if you look at the scholarly articles that discuss this process, the verification step is a very important step at the end. And it goes to the weight of the evidence again. In the – But was that brought up by the attorney for the defendant? He argued simply that that wasn't enough evidence. But he didn't argue about not having a second set of eyes on the fingerprint, did he? He didn't argue that. Well, he didn't argue, but he could. He could have, but it also wasn't his job to argue that. When we're talking about – because he didn't need to disprove the State's case. The State had to prove that this one piece of evidence was so reliable. So he was – he makes – he makes open statements and he makes closing arguments. Yes. He can argue – he always argued the evidence. Of course. And he argued that the evidence wasn't trustworthy and wasn't – wasn't enough, which is the same argument that we're making here. We're simply arguing it with a little bit different of a lens. And that's permissible because we have to look at – we're not – we're not deciding whether or not this was admissible and looking to only what gets it in the door. We're looking at whether or not the conclusions were reasonable in this case. This was also an inexperienced examiner. Yes. And that's one of the other reasons that – why his conclusion deserves little or no weight at all and it's unreliable – or, sorry, unreasonable for the trial court to have concluded, based upon his conclusion alone, that this was proof beyond a reasonable doubt. This was an examiner who was inexperienced, who at the time had said he had been doing this for less than a year. And you would make those arguments today, but I think the question that Justice Hyman is raising is that the arguments were not made in the trial court. Those arguments were – that evidence was presented, though. The evidence – and we're simply looking at the evidence. Whether or not trial counsel made the specific argument, I don't think goes to a sufficiency of the evidence – the sufficiency of the evidence argument. It's not a sufficiency of the arguments argument. It is whether or not the State's evidence, as the State presented, what the State chose to present, is sufficient to prove Mr. Klein guilty beyond a reasonable doubt. But, you know, sufficiency of the evidence is an argument, but the qualifications or – of the expert hadn't been contested, even though he was only doing this about a year, if I might be wrong. Yeah. And I agree. Counsel didn't contest the qualifications of the expert, but as Wilhoyt had said, and says point blank, somebody can offer expert testimony, but it deserves no weight unless it has some sort of factual or underpinning that the court can independently verify. I don't know the exact phrase off the top of my head, but I can get it for you. It's only – the opinion of an expert is of value only when it's based upon and in harmony with facts which are capable of verification from the court. So the fact that counsel didn't challenge the expert's qualifications in the trial court, didn't attempt to knock him out completely, isn't important here. What is important is whether or not that expert opinion, even if it is an expert opinion, is trustworthy enough to be believed that it – Why isn't it? Because, I mean, here's an expert. Everybody agrees he's an expert. Whether he's a – this is his fifth case or 500th case. That doesn't go to whether he's believable or not. Isn't that something that needs to be told to the trial judge? So what you're saying is, for some reason, the fingerprint and everything goes to this fingerprint. We agree with that. That's the only thing in the residence that ties him to the robbery. The murder. Yes. So – but the expert told the court his opinion. But the judge can believe it or he doesn't have to believe it. Why are we then to consider that – not consider that. You're saying we should reject it. Yes, because it was unreasonable to rely only on that when we're asking – There are cases that have relied on evidence such as a fingerprint, right? There are in the past, yes. But those cases involve different fact patterns. Oftentimes, in those cases – and I can't speak without going to a specific case, obviously. You cited Gomez. In this case, Gomez was in a situation where the guy had been in the kitchen in the morning because he didn't have room from the homeowner. And again, in Gomez, there were more facts that sort of lend credits to the idea of where the – why his fingerprint was there or what happened in those cases. There's nothing to show. In fact, he said, I'm not usually in that area. I'm not around there. That's correct. That his fingerprint is there seems basically in a case like Spann that that shows he was in that room. But that only highlights the fact that this expert's conclusion has to be almost unassailable for it to sustain all of these other things because there are no other facts there. So as we've talked about, or as you've said, everything comes down to this fingerprint. It's a partial print. There were four – there were four prints total on that link, but we heard no testimony about the other three. This is the only one that that expert decided to testify or decided to examine for comparison. Well, one – one print is down to the index. One print is – indeed, but in different factual situations. And our view is that this isn't – this isn't appropriate because, again, the expert was inexperienced in its – But we can't say he's inexperienced because he was accepted as an expert. So you can't have it both ways. I mean, you keep saying that, but the judge can accept the expert and the counsel – defense counsel accepted the expert. And so is that a question of inexperience? The inexperience doesn't go to whether or not – it's not quite as black or white in this sort of question because we're talking about the weight that is – that this – that this conclusion is entitled to. If the expert is far more experienced, it would gain – it would give that conclusion more heft in which to sustain the State's burden. But because the expert is inexperienced and because there was no testimony about verification, which the case law is clear, that is an important step in this process, that subtracts even more weight. It should have been raised at trial. It should have been raised at trial. Why wasn't the expert questioned about that? Because the State has to prove their burden. The State is the one that needs to provide the evidence. The State elicited no evidence that they had this verified. Well, but you can ask questions with regard to the evidence. You can attack the evidence and attack the – if you wanted to, you could attack – if you had very little experience, and if you wanted to, you didn't. And then you also didn't decide to attack it on the fact that there was no second opinion. But – And you can argue the evidence. Exactly. In the trial court. Of course. But what we have here is part of the problem is that that was not done in the trial court. And now the issue before this Court is whether any rational trial fact could have found the elements of the crime to be present. That's the issue for this Court. Absolutely. But I want to be careful about – I mean, it's not a direct burdenship, but it acts like that almost in the sense that, you know, the State chose to present its case however it chose to present its case. And if this was an attack on the foundation or the overall admissibility of this expert opinion or of this conclusion, then there would be some argument that the defense counsel had a duty to question about the verification process. But the State is stuck with whatever evidence the State chooses to present to itself. The defendant is not – it's not incumbent upon the defendant to poke holes in the State's case if those holes are already left there by the State. And in this case, I'm arguing that the State didn't enlist anything about the verification process. Then why weren't they interested in the final argument? I mean, that's what you do as a lawyer, right? If you're not – you don't have to ask the question. And then in the argument, that's why you don't ask the question. You got to, okay? I agree with you there. And I cannot – I can't speak for trial counsel. I can't – I'm not a trial counsel for him. Is this a case of ineffective assistance of counsel? Is that really what the problem is here? The issue that – the only issue that we've raised was the sufficiency of the evidence. We did not – I realize the issues that you've raised. I'm raising a new issue, whether or not this is a case of ineffective assistance of counsel. That sounds like – that's where my questions are leading. And I appreciate that. All that I can say on that ground is that those – some of those issues were raised – And I realize you're not a trial counsel. Yeah. I would hope, yeah, to have asked some of these questions if I had been trial counsel. The issues that were raised were raised purposefully and thoughtfully. And so I'm a little lulled to drift into ineffective questions because I think it takes us afield of what the issue really is here. And I do – I do appreciate and I do understand. Trial counsel could have absolutely made this argument a lot better. Trial counsel's final argument was that you just simply couldn't trust that this was enough. And although he didn't point out the exact points, this Court is not limited, even under the deferential standard, to simply limit itself to the arguments that trial counsel made. Again, sufficiency of the evidence is, did the State's evidence as it chose to bring it out meet the burden? And in this situation, in the facts of this case as it was presented, we contend it did not. If there are no other questions, I'll reserve the balance of my time for rebuttal. Thank you. Okay. Thank you. Thank you. Hi. Good afternoon, Your Honors. Counsel, may it please the Court. Again, my name is David Greenspan. I am here representing the people of the State of Illinois. Just to start off, I want to remind this Court that we are indeed here on an issue regarding the sufficiency of the evidence, not the admissibility of the evidence. That means that we are looking at whether or not the evidence that was properly admitted at the trial was sufficient such that a reasonable trier of fact could find this defendant guilty beyond a reasonable doubt. We are not here to discuss whether or not the trial court abused its discretion in allowing the expert testimony to be entered into the record. Officer Genowitz testified very clearly regarding his expert qualifications, and as this Court has already pointed out, his qualifications were not challenged in any meaningful way. He had been doing fingerprint analysis for a little over eight years. Specifically, in regards to expert testimony for a little over a year, I believe he had been previously qualified in five cases prior to the one at bar. When Officer Genowitz gave his testimony, he presented a rather broad spectrum of foundation supporting his conclusions. There's been much said here about the lack of any testimony or the lack of any questions relating to the verification process that went into his analysis. But very quickly... What about the fact that Genowitz assumed, he testified that he assumed that what was not captured in the little print, partial print that was, would be the same as those areas in Klein's known print. He made an assumption. He testified to an assumption. That's correct, Your Honor. Why should the Court accept that assumption plain without... I mean, is that reasonable under these circumstances? Does that make sense? And from that assumption, the whole thing grows. Yes, Your Honor. The assumption is completely valid in this case because, again, this was an expert witness who had been qualified as an expert pursuant to Rule 705. And if I may, just briefly, Rule 705 is pretty explicit on this point. The expert may testify in terms of opinion or inference and give reasons, therefore, without first testifying to the underlying facts or data unless the Court requires otherwise. The expert may, in any event, be required to disclose the underlying facts or data on cross-examination. In other words, it is the defendant's burden to elicit those facts underlying the expert's opinion. And the Negron opinion, which Your Honor invoked earlier, also stands for the same proposition, also discussing the text of Rule 705. Again, this was an expert witness. I'm sorry, you had a question, Your Honor? Yeah, just... In the witness brief, they talk about latent print examiners use the analysis, comparison, evaluation, verification framework. Correct. And ACE V, I guess. Yes. But the V is verification. So is that a requirement for acceptable... because we're looking at the evidence here again, but is that something that is a requirement for it to be acceptable? I'm going to answer this in two parts, if I may, Your Honor. Sure. First, there is no case that I've seen that says that the verification itself is necessary in order for that evidence to be admissible. Secondly, there is, in fact, case law that says quite clearly that an expert witness, particularly a fingerprint expert, may not testify as to the verification process of their analysis. To do so would be inadmissible hearsay. So... So to follow up Justice Griffin's question, the fact that the State did not bring someone to verify, to testify about the V, even the witness experts said you need ACE V. We have the... Supposedly we have the ACE, let's say. We have no V. So based upon that alone, could we... Isn't there a problem here? I don't believe so, Your Honor. And I... I mean, it's what they're saying. You didn't prove your case. So, again, the expert would not have been able to testify directly as to the verification process. But you needed to bring in the V. You're... He testified that we need ACE V. Then it goes ACE. ACE V. And there's no V. So how can the judge have said, well, that's fine without... That's not even following what the expert says is the standard. So, Your Honor, if I may, I want to... Again, I want to address this on two levels. Again, there's no case law on point in this issue that says that a verification expert must be brought in. Well, we still need to make some. Well, that is effectively what the defendant appears to be asking here is that this court create a rule that require the people to bring in this verification expert. This would be a novel rule. No other court has followed that model. Well, why would it be so novel? The expert, your expert testified that you need verification. That was your expert. And, again, if you look at the literature, which was cited in the briefs, verification is critical in these cases, absolutely critical, all across the country. Everybody says verification. It's not just ACE. It's ACE plus. We don't have these. That's their case. Maybe that would establish that the expert said we need ACE-V. The state did not put on the V. Therefore, the court could not have found this print exception. That would go to the weight of the evidence, Your Honor. Why does it go to the weight? Because the verification essentially is a safeguard mechanism. So when the fingerprint expert does his analysis or her analysis, the verification process is, again, to ensure that that analysis is appropriate. But there must be a reason why the standard of an expert in this area requires verification. And, again, from the literature, that's all I can depend on. It says how important verification is because this is not a science. I mean, different experts can disagree as to whether somebody's print. So that's why it's so important, the verification and the process of verification. Let's change the scenario. ACE-V. Say they did the V, but they didn't do the A. I mean, you're saying that that's fine, too, I guess. That would be more. We testified you need everything. Well, Your Honor, that would be more analogous to the Stafford case, which defendants cited, too, in which the analysis, the expert presented no foundational evidence to support their conclusion. They had no points of comparison. They had no notes. And that was found to be insufficient. This is entirely distinguishable because we have here an expert that testified in depth about the foundation. No, but that's not my hypothetical, though. What my hypothetical is, if you need those four factors, does it matter which – you only have three. Which three there is? Are you saying that if you have – what you're saying is if you have the first three factors, you don't need the verification. If we go your way, is that what we're saying? Essentially, Your Honor, this would be analogous to an expert in some other field. Say, for example, a DUI technician who testifies regarding the calibration of a breathalyzer machine. That technician is going to be using samples that were prepared typically by another person who has subjected those samples to some kind of testing and verification process. There is no case law that says that this person cannot testify as to the calibration and accuracy of this machine without getting testimony from whoever prepared the sample and then verified it. In this case, we have an individual whose task was to analyze this fingerprint, did so, presented the evidence to do so, would not have been permitted under any circumstance to testify regarding the verification process. So really the question that this Court appears to be asking is whether or not this Court should establish a new rule that would require the people to present such verification evidence through a separate witness. I was even thinking it would require a new rule, though, because this case is different. This case is a situation where there's no other evidence linking the defendant to the crime other than this partial fingerprint. And to say that there doesn't need to be a verification, we're talking about guilt beyond a reasonable doubt. We have a situation here where there's only a partial fingerprint. None of the property was ever recovered. There's no evidence that the print was left at the time of the burglary. There's no witnesses that place the defendant at the scene of the crime. Yet we have guilt beyond a reasonable doubt based upon this partial fingerprint with assumptions. I have a serious problem with it. So whatever you have that you can convince me, please do. Well, if I may, Your Honor, the verification would essentially be a fact underlying the expert's opinion. That, under Rule 705, is the defendant's burden to elicit on cross-examination, not the people's burden to present on direct examination. The rule is very clear. The case law is also very clear on this point. I would also – We've already talked about that issue as we were speaking with counsel. That's the elephant in the room. We realize there's ineffective assistance of counsel. That's what appears to have happened. I would not concede that there is ineffective assistance of counsel in this case. However, Your Honor, what I would suggest is that this case is more analogous to People v. Ford, which I believe we cited in our response brief, where in a woman's home or apartment was burglarized and there was a jewelry box in this residence. And they found a fingerprint on the jewelry box, and that was, in that instance, the only evidence linking the defendant to the burglary. And in that case, the decision was upheld. The conviction was affirmed. Essentially, the analysis here is whether or not this evidence, this fingerprint, in context of where it was found, how it was found, whether there is temporal and physical proximity to the crime alleged. Here we have – One of the differences is that it's unlikely that someone is walking down the street with their jewelry box in their hand and that I would be walking behind them and they dropped it. I would pick it up and say, here's your jewelry box in hand. You dropped it. On the other hand, with a cell phone, a headphone case, I could very well see someone dropping it in my grabbing and picking it up. Oh, man, you dropped your head case. And because I have criminal background, subsequently they'll find my fingerprint. Because that's exactly how they found the fingerprint here. But that's not the issue here. The issue here is whether or not there is sufficient evidence to find him guilty beyond a reasonable doubt. I have some concerns. I would respectfully disagree with your characterization. You disagree with what? With your characterization of how the fingerprint was found. This was not somebody who was just randomly walking down the street. I didn't say that the fingerprint was found randomly walking down the street. You told me you misunderstood my analysis. I understood. That's not what I said. So let me clarify, if I may. This fingerprint was found on a metal case in a pile of clothes in an apartment that had been ransacked. The case is movable. It's not like it's found on the refrigerator, the stove, or the bookcase, something that could have only gotten there by being in the home. This is found on a headphone case, which very well could have been dropped in the health club. And someone picked it up. Oh, you dropped your headphone case. Here it is. I understand your point. And there goes your fingerprint. I've got to make sure I start telling kids that they don't need to help people by picking up things. I understand your point, Your Honor. But I would also point out that they did not find the owner of the case's fingerprints anywhere on this box. And because of that, it is reasonable for the trier of fact in this case, that being a trial court, to conclude that that fingerprint could only have been placed on that case at the time and location where the burglary took place. And with the expert's opinion then matching that fingerprint to this defendant, it was therefore reasonable for the trier of fact to conclude that this defendant was guilty beyond a reasonable doubt. Do you agree that it is critical, as the FBI states, to have verification? Your Honor, I'm not an expert in this case. Your position is verification is not critical? Is that the position of the state? The position of the people is that fingerprint evidence has been long accepted in the state of Illinois and has passed the Frye test on multiple occasions. That's not the issue here, though. The issue here is there is a process. There is a process for determining whether there is a match. That process is a four-step process, not a three-step, but a four-step process. We have here no testimony regarding the fourth step, which the FBI and others have said is critical. It's part of the process. It's as if an expert who's in a medical case and has to do with death and maybe whether it was cancer or not, it doesn't look at the sample of the cancer. How can they say it was cancer and then look at the sample? There might be certain things you have to do in order to testify. And in this case, with regard to the ability of courts to rely on an expert, that's one of the four jobs of the expert. Would you agree? Your Honor, whether or not the verification process itself is essential, and I would certainly agree with this Court that the acronym ACEV, the V stands for verification, the fingerprint experts themselves acknowledge that verification is one of the critical aspects. However, again, this is a case about sufficiency of the evidence, not the weight, not the visibility of the evidence. Correct. This man is imprisoned because of the expert's evidence. There's no other evidence that connects him to this location other than that partial fingerprint. So his whole liberty depends on that partial fingerprint. And, you know, you talk about other cases, but a lot of other cases, the fingerprints are much better than this one. This was partial, there was assumptions and so forth. I mean, this is really a thin reed, which can be okay. I mean, it can be okay. And if there had been a verification, we wouldn't be asking about this, and everything would have been done according to the standard. But in this case, due to the thinness of the evidence, is that reasonable to accept that the expert did not set forth one of the critical components of the basis for his or her opinion? Your Honor, again, I would point you to Rule 705, the verification process being an underlying fact related to the expert's opinion, which was the defendant's burden to raise on cross-examination. As this Court observed previously, that did not happen. Defense attorney asked numerous questions relating to the partiality of the print, but at no point ever challenged the expert's opinion on foundation. I would point out that the expert was asked to provide his opinion two separate times on direct examination and rendered his opinion with no objection in both occasions. I would also point out that the partiality of the print itself is not as thin as I believe this Court is representing. While it was only a partial print here, Officer Denowitz's testimony was quite clear. He compared nine different points of comparison, but could have done up to 20. The representation that this was just a very small portion of the fingerprint I don't believe is accurate. The officer was quite clear in his responses, both in direct and in cross, in addressing this issue and made it abundantly clear at the time that he believed in his expert opinion that there was more than enough evidence to create a positive match. The defendant had the opportunity to challenge that on foundational grounds or to cross the expert and try to undermine the weight of his testimony. That didn't happen. Any argument relating to the weight or the admissibility of this evidence is therefore forfeited. If the panel has no further questions for me, we, the people of the State of Illinois, would ask this Court to affirm the defendant's conviction in this matter. Just one last question. Oh, yes, Your Honor. Was there a picture of the headphone case presented to the trial judge? There was, Your Honor. So it's in the record? It is in the record, as was the picture of the latent print that was recovered and the exemplar print that was taken approximately six weeks later. Thank you. Thank you, Your Honor. Thank you, Mr. Anderson. Thanks. There's a lot to respond to, but I'll endeavor to be brief. First off, Rule 705 I don't think is the safe harbor the State believes that it is. Rule 705's purpose was to get around the hypothetical question that often came up with expert testimony. It really deals more with whether or not that expert testimony and that opinion can get through the gateway and into evidence at all. The idea that it's the defendant's burden to elicit these facts underneath it goes toward the foundational underpinning of that. This is a sufficiency of the evidence challenge. The burden is always on the State at all times. The State gets to choose what evidence it wants to present. The State did not offer any evidence whatsoever that Officer Danowitz's or Examiner Danowitz's conclusion was ever verified by anybody else. And as all of the FBI training material, all of the scholarly material, and all of the case law that's ever discussed fingerprint, this is a critical step. This has always appeared in any of the other cases that discuss this, Negron being the pinnacle of that whole thing. So 705 really doesn't apply as much here as the State argued it did simply because this is a sufficiency of the evidence. It is stuck with the evidence that it decided to present. Just as we are stuck with defense counsel maybe not asking, maybe not making the best argument as we pointed out, the State's evidence is still the State's evidence, and it's not incumbent upon the defendant to challenge that evidence. It's an imperfect analogy, but one of the other analogies that could possibly be that can highlight this a little bit more, it takes it outside the realm of an expert opinion, is that if the State's witness is an identification witness and that identification witness doesn't make an in-court identification of the defendant, it is not incumbent because the State never asks, it's not incumbent upon the defendant to get up and fix that error in challenging that identification. It's the same kind of activity here. Defense counsel is under no obligation to challenge that, and this is a critical step as the FBI scholarly material, as the FBI reports and all the scholarly material indicate. Secondly, I want to address something real fast. The issue in this case is not asking to create a rule requiring verification. All we're simply saying is that the facts of this case, when you consider everything else, that's just not enough for proof beyond a reasonable doubt. Mr. Klein is not advocating for any sort of broader rule or anything like that. One last thing. Counsel pointed out. Do you think if we rule in Mr. Klein's favor on that issue, that that is going to be interpreted, that you need to do the four steps in order to get the evidence in as to analogize to the asking the question about the defecation in court? I don't think it's going to get interpreted as a hard and fast rule, but simply as a recommendation that if you want this testimony to carry more weight. If you want this testimony to carry more weight. This is all. This is it. In this case, yes. But if you want this testimony. If you've got. If we're going to play the hypothetical game, if the State had offered something that it didn't hear, like there were proceeds found, or Mr. Klein admitted that he had been in the apartment, maybe you don't need that verification. But when you have nothing else and you are relying entirely on this, if you don't have that verification, if you don't follow all of the steps like you pointed out earlier, if you miss a step, any of them, that's simply not enough. Because when you're basing all of the conclusions, the conclusion that Mr. Klein is guilty beyond a reasonable doubt on an expert's conclusion, that expert has to have followed the proper process that is widely accepted by those in his field. But this case is different because there's no other evidence. And that's why I'm saying. And that's why this is not a broad rule saying that if you don't have this verification, it's completely out altogether. It's simply saying that in this case, with no other evidence, when everything was as tenuous as it already was, that this conclusion was unreasonable. The shop board's conclusion was unreasonable. Unless there are any other questions, I'll take the Court's word at this time. Thanks very much. And thanks for your great work in a brief stand on the arguments. Really appreciate it. And we will take it under advisement. And you'll hear from us soon. Thanks. Thank you.